IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST CO., | No. C-10-02624 EDL |
| Plaintiff, | **REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| CECIL CABALU, et al., | |
| Defendants. | |

Plaintiff Deutsche Bank National Trust Company filed a motion to remand this unlawful detainer complaint to Alameda County Superior Court following Defendants Cecil and Natividad Cabalu's procedurally and substantively improper removal. Defendants failed to oppose the motion to dismiss, but Cecil Cabalu attended the September 21, 2010 hearing on the motion. Although Plaintiff and Defendant Cecil Cabalu have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c), two Counter-Defendants have been served, but have not consented. Thus, the Court will reassign this case to a district court judge with this Report and Recommendation. For the following reasons, the Court recommends granting Plaintiff's motion to remand and denying Plaintiff's request for fees.

**Background**

On June 30, 2009, Plaintiff purchased the real property at 5266 Falmouth Place in Newark at

1  a foreclosure sale. See Request for Judicial Notice (RJN) Ex. 1 (state court complaint) at ¶ 4.[1]
2  Defendants were the former owners of the property. Plaintiff's title to property was recorded in
3  Alameda County on July 8, 2009. Id. In late July 2009, Plaintiff filed an unlawful detainer
4  complaint against Defendants. Id. Ex. 1.

5      Plaintiffs were personally served with the state court unlawful detainer action on or about
6  August 5, 2009. See RJN Ex. 2 (proof of service). On or about August 27, 2009, Plaintiff filed a
7  Motion for Summary Judgment seeking to regain possession of the property. See RJN Ex. 3 (motion
8  for summary judgment). The state court granted Plaintiff's motion for summary judgment after a
9  hearing that Defendants attended. See RJN Ex. 4. A writ of possession in favor of Plaintiff was
10 entered by the state court on February 16, 2010. See RJN Ex. 5. Prior to the execution of the writ
11 by the Sheriff, Defendants removed the unlawful detainer action to federal court on June 15, 2010.
12 See RJN Ex. 6.

13 **Legal Standard**

14     "Except as otherwise expressly provided by Act of Congress, any civil action brought in a
15 State court of which the district courts of the United States have original jurisdiction, may be
16 removed by the defendant or the defendants, to the district court of the United States for the district
17 and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any
18 time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case
19 shall be remanded." 28 U.S.C. § 1447(c).

20     The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."
21 Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal
22 jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.
23 (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant
24 always has the burden of establishing that removal is proper." Id.; see also Abrego v. Dow

---

[1] Under Federal Rule of Civil Procedure 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Furthermore, a court "shall take judicial notice if requested by a party and supplied with the necessary information." See Fed. R. Civ. P. 201(d); Mullis v. United States Bank, 828 F.2d 1385, 1388 fn. 9 (9th Cir. 1987). Here, the documents contained in the Request for Judicial Notice are judicially noticeable under Federal Rule of Evidence 201.

*United States District Court*
*For the Northern District of California*

Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

**Discussion**

    **A.**    **The Removal Was Untimely**

Plaintiff moves to remand on the basis that Defendants' removal of the action was untimely under 28 U.S.C. § 1446, which requires that an action be removed within thirty days of service or thirty days after it becomes ascertainable that the action could be removed. Defendants were served on August 5, 2009, but they did not remove this action until June 15, 2010, only after summary judgment was entered against them. See RJN Ex. 2, 6. Nothing in the interim changed the nature of the complaint or made it any more or less removable than it was on the date it was answered. Therefore, and even taking into consideration the leniency afforded to pro se litigants, there is no excuse for Defendants' failure to timely remove, and remand is appropriate on this basis. See 28 U.S.C. § 1447(c) (removed case may be remanded to state court based on a "defect" in the removal procedure).

    **B.**    **No Federal Court Jurisdiction**

The Notice of Removal states that removal is proper under 28 U.S.C. § 1331 because Plaintiff's mortgage activities require it to comply with numerous federal statutes such as the Truth in Lending Act and the Real Estate Settlement Practices Act. See Notice of Removal at 2. Plaintiff argues that there is no subject matter jurisdiction and this case should be remanded. Where a civil action over which the federal courts have original jurisdiction is brought in state court, the defendant may remove the action to federal district court. See 28 U.S.C. § 1441. A case may be removed pursuant to 28 U.S.C. § 1331 only where a federal question appears on the face of the properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331."); see also Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) ("The presence or absence

of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). This rule makes the plaintiff make the master of the claim in that it may avoid federal jurisdiction by exclusive reliance on state law. Id. Further, whether a case arises under federal law does not depend upon matters raised in the answer. Holmes, 535 U.S. at 830-31 (". . . whether a case arises under federal patent law 'cannot depend upon the answer.' Moreover, we have declined to adopt proposals that 'the answer as well as the complaint ... be consulted before a determination [is] made whether the case "ar[ises] under" federal law ... .'") (internal citations omitted); Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127-28 (1974) ("The federal questions 'must be disclosed upon the face of the complaint, unaided by the answer.' Moreover, 'the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.'").

Here, on its face, the complaint only asserts one state law claim and thus does not provide any ground for removal under § 1331. Defendants have filed a counterclaim in this Court raising several federal statutes, but the Counterclaim does not provide a basis for removal. Therefore, remand is proper.

Further, although jurisdiction pursuant to 28 U.S.C. § 1332 is not cited as the basis for removal, there is no diversity jurisdiction in this case. The burden of proving the propriety of removal rests with the removing party. Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). The face of the amended complaint states that the $75,000 amount in controversy has not been met. The cover page of the complaint states in the caption, "AMOUNT DOES NOT EXCEED $10,000." See RJN Ex. 1. Therefore, the case was not removable as a diversity action.

**C.     The Court need not reach the remaining legal argument**

Plaintiff also argues that this case should be remanded because Defendants have failed to comply with 28 U.S.C. § 1446(a), which requires the removing party to file a notice of removal "containing a short and plain statement of the grounds for removal." Because remand is appropriate in light of the procedural and substantive defects described above, the Court need not reach this issue.

4

### D. Attorney's Fees and Costs

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held: "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (citations omitted) ("The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a sight to remove as a general matter, when the statutory criteria are satisfied."). Unusual circumstances may include: "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction." Martin, 546 U.S. at 141 ("When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c).").

Here, although an award of fees and costs would be appropriate because there was no objectively reasonable basis for removal of this purely state law case, Defendants are pro se. See U.S. Bank v. Heath, 2010 WL 1258173, at *2 (D. Ariz. Mar. 26, 2010) ("The Court agrees with Plaintiff that removal of this action was not warranted by fact or law. Given Defendants' pro se status, however, the Court will exercise its discretion and deny the request for fees and costs."). At the hearing, Defendant Cecil Cabalu informed the Court that he is unemployed and cannot afford to pay any judgment in this case. Accordingly, the Court recommends exercising discretion to deny an award of fees in this case.

//
//
//
//
//
//

**Recommendation**

The Court recommends granting Plaintiff's Motion to Remand and denying Plaintiff's request for fees. Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: September 30, 2010

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge